IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Alfonzo Bailey, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 1:08cv842 (LO/TRJ) |
| ) | |
| Gene M. Johnson, ) | |
|     Respondent. ) | |

FILED JUL 2 0 2009 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Alfonzo Bailey, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of multiple felony offenses entered on a jury verdict the Circuit Court for the City of Norfolk, Virginia. Respondent has filed a Motion to Dismiss and Rule 5 Answer. Bailey was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a response. For the reasons that follow, Bailey's claims must be dismissed.

I.

According to the opinion issued by the Virginia Court of Appeals on its direct review of Bailey's conviction, a fifteen-year-old girl named Tremaine Sloane was walking to school on the morning of June 17, 1999, when she was forced at gunpoint to get into a car containing three men. The girl and a cousin who accompanied her were threatened with being killed if they did not help the men get money from Victoria Evans, with whom they lived. The men forced their way into the residence, and two of them kept guns trained on Sloane while she was tied up and made to lie on the floor. One of the men cut Evans in the face and neck with a knife, she saw petitioner take her jewelry, and $250.00 was missing from her purse after the incident. One of the men drove Evans to

another individual's house to look for "the money," and she was forced to lie on the floor while that house also was searched. Evans testified that petitioner was one of the three perpetrators, and that the other men called him "Zo."

Two days after the incident, Evans immediately selected petitioner's picture from a photographic line-up and identified him as "Zo." Within a week, Sloane also identified petitioner from a series of pictures shown to her by a detective. Both Evans and Sloane positively identified petitioner in court as "Zo," and Evans testified that she saw a woman wearing her stolen jewelry at petitioner's preliminary hearing. Police recovered the jewelry from the woman, who was the girlfriend of one of petitioner's co-perpetrators. Bailey v. Commonwealth, R. No. 1617-00-1 (Va. Ct. App. Dec. 29, 2000); Resp. Ex. 2.

On April 27, 2000, a jury in the Circuit Court for the City of Norfolk convicted Bailey of three counts of abduction, two counts of statutory burglary, robbery, and five counts of using a firearm in the commission of abduction and robbery. On July 7, 2000, Bailey was sentenced to serve an aggregate term of 128 years in prison. Resp. Ex. 1A. Bailey appealed his conviction to the Court of Appeals of Virginia, arguing that the evidence was insufficient to sustain his conviction and that several errors occurred at trial. On December 29, 2000, a single judge of that Court rejected his claims on the merits. Bailey v. Commonwealth, supra. Thereafter, a three-judge panel of the Court of Appeals declined further review of Bailey's appeal on January 20, 2001. On June 1, 2001, the Supreme Court of Virginia refused Bailey's petition for a second-tier appeal. Bailey v Commonwealth, R. No. 010441 (Va. June 1, 2001). Resp. Ex. 3.

On May 30, 2002, Bailey submitted a habeas corpus application to the Circuit Court for the City of Norfolk, raising twenty-five (25) claims of ineffective assistance of trial counsel. Resp. Ex.

4. The court denied and dismissed the petition on October 17, 2002. Bailey v. Commonwealth, R. No. CR99005184/F99 (Va. Cir. Ct. Oct. 17, 2002); Resp. Ex.6. Bailey appealed to the Supreme Court of Virginia, which dismissed the petition for appeal on October 17, 2003, pursuant to Virginia Supreme Court Rule 5:17(a)(1), on the holding that "the appeal was not perfected in the manner required by law...".[1] Bailey v. Commonwealth, R. No. 031508 (Va. Oct. 17, 2003).

On May 30, 2002, Bailey filed a petition for a state writ of habeas corpus in the Circuit Court for the City of Norfolk on May 30, 2002. Resp. Ex. 4. Respondent moved to dismiss the petition, Resp. Ex. 5, and the court granted respondent's motion and dismissed the petition by order dated October 17, 2002. Resp. Ex. 6. Bailey attempted to appeal that result, but the Supreme Court of Virginia dismissed the appeal on October 17, 2003, again on the express holding that Bailey had failed to perfect the appeal in the manner required by Virginia Supreme Court Rule 5:17 (a) (1). Bailey v. Commonwealth, R. No. 031508 (Va. Oct. 17, 2003). Resp. Ex.7.

On August 8, 2008, Bailey filed the instant federal habeas petition, raising claims that no rational trier of fact could have found him guilty of the charged offenses, and that he received ineffective assistance of trial counsel.[2] Respondent filed a Motion to Dismiss Bailey's claims, and Bailey filed a response. Accordingly, this matter is now ripe for review.

---

[1] Va. Sup. Ct. Rule 5:17, titled "Perfecting the Appeal" provides in pertinent part that "(a) [i]n every case in which the appellate jurisdiction of this Court is invoked, a petition for appeal must be filed with the clerk of this Court: (1) in the case of an appeal direct from a trial court, not more than three months after entry of the order appealed from...".

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, however, petitioner did not indicate the date on which he served his petition, see Docket # 1, Certificate of Service, so the date the petition was filed-stamped as being received by the Clerk is used here instead.

II.

As the respondent argues in his motion to dismiss, this petition for § 2254 relief is subject to dismissal as time-barred. A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

In the instant case, as discussed above, petitioner's direct appeal to the Supreme Court of Virginia was denied on June 1, 2001. Resp. Ex. 2. Therefore, petitioner's conviction became final on or about September 1, 2001, the last date he could have petitioned the Supreme Court of the United States for a writ of certiorari.[3]

In calculating the one-year period, however, the Court must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Records supplied by respondent show that on May 30, 2002, petitioner filed a state habeas petition in the Circuit Court for the City of Norfolk, which denied and dismissed the petition on October 17, 2002. Petitioner then appealed to the Supreme Court of Virginia, which refused and dismissed the appeal on October 17, 2003, on the express finding that

---

[3] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

the petition for appeal did not comport with Va. Sup. Ct. Rule 5:17(a)(1), which governs the timeliness of applications for appellate review. Bailey's habeas corpus appeal to the Virginia Supreme Court thus was not "properly filed" pursuant to applicable state law, and did not act to toll the § 2244(d)(1) limitations period. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (a state collateral proceeding is not "properly filed" for purposes of tolling the federal limitations period if it is filed untimely).

Between September 1, 2001, the date petitioner's conviction became final, and May 30, 2002, the date petitioner filed his state habeas petition, 271 days passed. Between October 17, 2002, the date the Circuit Court for the City of Norfolk denied petitioner's state habeas petition, and August 8, 2008, the date petitioner filed his federal petition, an additional five years and 296 days passed. When these days are combined they establish that the instant petition was filed over five (5) years beyond the one-year limit. Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

The petitioner appears to have provided two similar but distinct explanations for the untimely filing of this federal petition. In his initial habeas corpus application, in a section entitled "Timeliness of Petition," petitioner explains that he filed a second habeas corpus application with the Norfolk City Circuit Court on December 13, 2004. Pet. Att. 1. The petition was dismissed, apparently without service, on August 23, 2005. Id. Petitioner states that he "waited several years to hear from the Circuit Court of Norfolk, making no effort to inquire as to the disposition of the habeas petition," Pet. at appended p. 8, because he expected to be notified by the Circuit Court once it reached its decision. "Finally, in February of 2008," petitioner asked his mother to call the Clerk's Office of the

5

Norfolk City Circuit Court, and she discovered that Bailey's petition had been dismissed some two and half years prior to her inquiry. Id. Petitioner confirmed with the mailroom at his place of incarceration that he did not receive any legal mail during the period of August through October, 2005, Pet. Att. 1, and then moved this Court for permission to re-open the time for him to file a § 2254 application. In a letter dated July 17, 2008, Bailey was informed by a Deputy Clerk in the Court's Richmond Division that the Court could not act on his motion in the absence of an actual controversy, and enclosed forms for Bailey's use in filing a § 2254 application. Pet. Att. 2. The Clerk also provided a copy of information obtained at the Virginia Courts Case Information website with regard to petitioner's second application for state habeas corpus relief, and observed that the Norfolk Circuit Court had incorrectly listed petitioner's name in that case as "Alphonso Bandy." Id.[4]

Petitioner's explanation for the untimely filing of this federal petition set out in his answer to respondent's motion to dismiss differs in some details from the foregoing statement. Specifically, petitioner states in his answer that he never received a copy of the October 17, 2003 order of the Supreme Court of Virginia dismissing his first habeas corpus appeal as untimely, rather than the order of dismissal issued by the Norfolk City Circuit Court on December 13, 2004. However, the remainder of petitioner's explanation is consistent, in that he states that upon receiving the respondent's motion to dismiss, petitioner contacted the mail room at his place of incarceration, and

---

[4] This second state habeas corpus proceeding was not mentioned in the respondent's memorandum or included in his time calculations, undoubtedly because the petitioner's name in that case was mistakenly docketed as Alphonso Bandy. However, since that action according to petitioner was filed on December 13, 2004 and dismissed on August 23, 2005, it remained pending for only about eight months. Based on respondent's exhibits, as discussed above, this federal petition is untimely by a margin of over five years, so the omission of the second state habeas proceeding from respondent's discussion was of no consequence; even assuming that petitioner's second state habeas application was "properly filed" and acted to toll the federal limitations period, Artuz, supra, this petition still was untimely by well over four years.

the mail room confirmed that petitioner did not receive any legal mail from October 17, 2003 through January, 2004. Petitioner argues that because he never received an answer to his appeal from the Supreme Court of Virginia, this federal petition should be deemed timely and allowed to proceed on the merits. Pet. Answer at 3.

Under these circumstances, it is likely that the pro se petitioner in either his petition or his answer to the respondent's motion to dismiss simply mis-states the name of the court whose order of dismissal he failed to receive. As the same legal principles govern regardless of which state court issued the order, the factual discrepancies in petitioner's explanations are not dispositive, and this federal petition is subject to dismissal regardless of which of petitioner's explanations is factually accurate.

Although petitioner does not use the term, it appears that he intends to argue that the limitations period should be equitably tolled in this case due to his failure to receive a copy of a state court order. Although the United States Supreme Court has not yet held that equitable tolling of the limitations period is available,[5] it is settled in this circuit that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> ... to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes .... We believe, therefore, that any resort to equity must be reserved for those rare instances

---

[5] See Lawrence v. Florida, 549 U.S. 327, 336 (2007) (assuming without deciding that equitable tolling is available under § 2244(d)); Pace v DiGuglielmo, 544 U.S. 408, 418 n.8 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to [§ 2244(d)(2)'s] statute of limitations.").

> where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Rouse, 339 F.3d at 246. For equitable tolling to apply, therefore, petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct (3) prevented him from filing on time. Id. It is settled that a petitioner's lack of diligence in pursuing his federal remedy generally acts to negate the application of equitable tolling. See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

In this case, petitioner argues essentially that equitable tolling should apply because he was prevented from filing a timely federal application by virtue of his failure to receive a state court order in a timely fashion. However, contrary to petitioner's belief that such a situation is "unique," many courts have considered the issue of whether equitable tolling applies where a habeas corpus applicant does not receive a state court order, or does not receive it promptly. While some courts have held that a petitioner's delayed notice of a state court's action can warrant equitable tolling, virtually all have done so only where the petitioner exercised reasonable diligence in attempting to ascertain the status of his pending litigation. See, e.g., Jenkins v. Johnson, 330 F.3d 1146, 1155 (9th Cir. 2003) (remanding for determination of whether equitable tolling should apply where state court's clerk's office mistakenly failed to send notice to petitioner, delay at issue was only four months, and state remedies were pursued "as expeditiously as practically possible"); Miller v. Collins, 305 F.3d 491, 496 (6th Cir. 2002) (pro se petitioner entitled to equitable tolling where delayed notice amounted to six months and petitioner "acted diligently to protect his rights both before and after receiving notice" by filing a motion with the state court when no order appeared to have been issued); Knight v. Schofield, 292 F.3d 709 (11th Cir. 2002) (where state court clerk mailed notice of case disposition

to wrong person, equitable tolling was warranted where pro se petitioner was assured by clerk that he would receive personal notification of court's decision, and nonetheless contacted the clerk on his own initiative after a year had passed to ascertain status of the case); Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001) ("[A] prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter."); Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000) (equitable tolling of federal limitations period warranted by delay in petitioner's receipt of notice of denial of state appeal where petitioner pursued his rights with diligence and alacrity).

On the other hand, where a § 2254 petitioner attempts to rely on lack of timely notice of a state court decision to invoke equitable tolling but failed personally to exercise due diligence in attempting to bring his claims, courts have found the doctrine inapplicable. In Lacava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005), the Third Circuit found that equitable tolling did not apply where, although petitioner did not receive notice that the Pennsylvania Supreme Court had denied his application for permission to appeal, petitioner "did not exercise the requisite due diligence" by allowing more than 21 months to elapse from the time he filed the application until he inquired as to its status. Similarly, in Drew v. Dep't of Corrections, 297 F.3d 1278, 1288 (11th Cir. 2002), the Eleventh Circuit observed that "[a] lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus application." However, the court determined that on the facts before it, the "rare and extraordinary remedy of equitable tolling" was not warranted, because petitioner's only effort to discover the status of his state application was to send a single letter of inquiry to the

state court clerk's office sixteen months after the state application was filed. The appellate court observed that "one letter is plainly an insufficient evidentiary foundation to support Drew's claim of diligence," and therefore declined to apply equitable tolling and affirmed the dismissal of his federal petition as time-barred. See also, Valdriche v. McNeil, 2008 WL 4070996 (S.D. Fla. Aug. 28, 2008) (finding an inmate not entitled to equitable tolling where he did not receive timely notice of denial of state collateral motion due to court clerk's error, but waited a month and a half to file a recall motion and then another month and a half to petition for belated appeal, thereby failing to demonstrate that he acted diligently).

The Fourth Circuit Court of Appeals to date does not appear to have spoken to the precise issue under discussion. However, it is well accepted as a general principle that one who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see also, Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) ("[E]quity is not intended for those who sleep on their rights."). In the specific context of the § 2244 limitations period, the Fourth Circuit recognizes that a petitioner's lack of diligence negates the application of equitable tolling. Spencer, 239 F.3d at 630. There is no reason to suppose that the Court would decline to apply that same principle where a petitioner attempts to invoke equitable tolling on the basis of his delayed receipt of a state court order. On the record before this Court, then, is readily apparent that equitable tolling is not warranted. By petitioner's own admission in his initial petition, he "waited several years to hear from the Circuit Court of Norfolk, making no effort to inquire as to the disposition of the habeas petition," before he finally enlisted the aid of his mother to call the clerk's office. If the facts as stated in petitioner's answer to respondent's motion to dismiss are accepted, petitioner fares no better, because the

Supreme Court of Virginia dismissed his appeal over a year before the Norfolk Circuit Court dismissed his state habeas application. In that case, petitioner delayed his efforts to determine the status of his case even longer. Under either set of facts, petitioner failed to act with anything resembling due diligence, and he has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result." Rouse, 339 F.3d at 246. Accordingly, the equitable tolling he seeks is unavailable to him, and this petition is time-barred from federal consideration.

### III.

For the foregoing reasons, this petition was filed outside the limitations period of § 2244 (d), and equitable tolling of the limitations period is foreclosed by petitioner's failure to act with due diligence to preserve his rights. Accordingly, the petition will be dismissed. An appropriate Order shall issue.

Entered this 20th day of July 2009.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge